## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street, S.W., Suite 800 | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF STATE, | ) | |
| 2201 C Street, N.W. | ) | |
| Washington, DC 20520, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant United States

Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552

("FOIA").   As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.       The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and

28 U.S.C. § 1331.

2.       Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.       Plaintiff is a non-profit, educational foundation organized under the laws of the

District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite

800, Washington, DC 20024.   Plaintiff seeks to promote integrity, transparency, and

accountability in government and fidelity to the rule of law.   In furtherance of its public interest

mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4.      Defendant is an agency of the United States Government and is headquartered at 2201 C Street, N.W., Washington, DC 20520.   Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On May 2, 2011, Plaintiff sent a FOIA request to Defendant by certified mail, return receipt requested, seeking access to the following:

>    --Any and all SF-50s for Mrs. [Hillary Rodham] Clinton;
>
>    --Any and all SF-85s and/or 85Ps for Mrs. Clinton;
>
>    --Any and all SF-86s for Mrs. Clinton;
>
>    --Any and all SF-450s for Mrs. Clinton;
>
>    --Any and all certificates of divestiture for Mrs. Clinton;
>
>    --Any and all individual waivers issues to or for Mrs. Clinton pursuant
>    to 18 U.S.C. § 208 (b)(1) and 5 C.F.R. §2640.301 or any other
>    applicable ethics statues, regulations, guidelines or agreements;
>
>    --Any and all communications and records of communications –
>    including but not limited to phone logs – related to Mr. Clinton's
>    speech schedule; and,
>
>    --Any and all communications and records of communications –
>    including but not limited to e-mails, fax reports, and phone logs –
>    related to former Mr. Clinton's personal or charitable financial
>    relationships with foreign leaders and governments.

6.      According to the United States Postal Service's return receipt, Defendant received Plaintiff's FOIA request on May 10, 2011.

7.      By letter dated May 17, 2011, Defendant acknowledged receipt of Plaintiff's request and assigned the request Case Control Number 201103401.

8.      Defendant was required to determine whether to comply with Plaintiff's request within 20 days, excepting Saturdays, Sundays, and legal public holidays, pursuant to 5 U.S.C. § 552(a)(6)(A).   Pursuant to this same provision, Defendant also was required to notify Plaintiff immediately of the determination, the reasons therefor, and the right to appeal any adverse determination to the head of the agency.   Excluding weekends and the intervening Memorial Day (May 30, 2011) holiday, Defendant was required to make its determination and provide Plaintiff with the requisite notifications by June 8, 2011 at the latest.

9.      As of the date of this Complaint, Defendant has failed to make a determination about whether it will comply with Plaintiff's request, notify Plaintiff of any determination, or notify Plaintiff of his right to appeal any adverse determination to the head of the agency.   Nor has Defendant produced any records responsive to the request, indicated when any responsive records will be produced, or demonstrated that responsive records are exempt from production.

10.     Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(C).

**COUNT 1**
**(Violation of FOIA, 5 U.S.C. § 552)**

11.     Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12.     Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

13.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: May 28, 2013

Respectfully submitted,

JUDICIAL WATCH, INC.

/s/ Paul J. Orfanedes
D.C. Bar No. 429716
425 Third Street, S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Attorneys for Plaintiff*